IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JUAN CORONADO-GONZALEZ,[1]

        Petitioner,                                OPINION AND ORDER

   v.                                                   25-cv-455-wmc

BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

        Respondent.
_____

Petitioner Juan Coronado-Gonzalez is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Coronado-Gonzalez has filed a federal habeas corpus petition under 28 U.S.C. § 2241, arguing that the BOP has incorrectly denied him time credits earned under the First Step Act because a final order of removal has been entered against him. For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

OPINION

Petitioner, a citizen of the Dominican Republic, is presently incarcerated as the result of a federal conviction for conspiracy to distribute cocaine onboard a vessel in *United States v. Juan Jose Coronado-Gonzalez*, Crim. No. 1:23-133-01 (S.D. Ala.). Petitioner received a sentence

---

[1] The petition spells petitioner's surname as "Coronado-Gonzales," but documents attached to the petition, from his underlying criminal case, and the Bureau of Prisons website confirm that his name is "Coronado-Gonzalez." For purposes of this opinion, the court will use the correct spelling of petitioner's name. The clerk's office is directed to correct the caption accordingly.

1

of 60 months' imprisonment followed by a 5-year term of supervised release in a judgment entered on January 25, 2024.  His projected release date is September 25, 2027.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).  To obtain a writ, petitioner must show that he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

Here, petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs").  The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]"   18 U.S.C. § 3632(d)(4)(C).  However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Petitioner provides a Detainer Action Letter from the Bureau of Immigration and Customs Enforcement (dkt. #1-2) and an Immigration Detainer from the Department of

2

Homeland Security (dkt. #1-3), stating that a "final order of removal" has been entered against him. Therefore, even though petitioner has been receiving FTCs for participating in institutional programming, he is not eligible to have those credits applied to his sentence.

Petitioner contends that he has been wrongly denied FTCs because an immigration detainer is not the same as a final order of removal. However, petitioner also attaches to his petition a Notice and Order of Expedited Removal that was entered against him by DHS on January 13, 2025, finding him inadmissible and ordering him removed under § 235(b)(1) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(1). (Dkt. #1-3.) That order of expedited removal is signed by a deportation officer and a supervisory official. (*Id.*)

Orders of expedited removal entered by an immigration officer under § 235(b)(1) of the INA and approved by a supervisor are considered final. *See Yefferson v. Emmerich*, dkt. #20, at 4, No. 24-cv-93-wmc (W.D. Wis. Nov. 22, 2024) (*citing Ceron v. Engelman*, No. 23-cv-3388, 2024 WL 967858, *2 (C.D. Cal. Jan. 24, 2024); *Pineda v. Cruz*, No. 23-cv-4939, 2024 WL 1526120, at *3 (D.N.J. April 9, 2024); *Gomez-Cuzme v. Birkholz*, No. 23-cv-1753, 2023 WL 4423602, *3 (C.D. Cal. June 1, 2023); 8 C.F.R. § 235.3(b)(7)). Any challenge to petitioner's removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]" 8 U.S.C. §§ 1252(a)(5), 1252(b)(2). Because the exhibits attached to the petition reflect that there is a final order of removal against petitioner, he does not demonstrate that his sentence has been calculated incorrectly. As a result, he is not entitled to relief under 28 U.S.C. § 2241, and his petition must be denied.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Juan Coronado-Gonzalez (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 10th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge